UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONNIE B. PARIS, JR.,

       Petitioner,

v.                             CASE NO:  8:11-cv-2115-T-27AEP

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,

       Respondent.

_____/

## O R D E R

**THIS CAUSE** is before the Court on a petition for writ of habeas corpus filed by a Florida prisoner, Petitioner Ronnie B. Paris, Jr., pursuant to 28 U.S.C. 2254, (Dkt. 1) and Respondent Secretary of the Florida Department of Corrections' Response in Opposition, accompanied by the appendix record of Petitioner's state court proceedings (Dkts.6, 7.) Having considered the parties' submissions, the Court finds that the petition for writ of habeas corpus is due to be denied.

## PROCEDURAL HISTORY

On February 16, 2005, Petitioner was charged by Information with first degree felony murder, aggravated child abuse causing great bodily harm, and child abuse by

culpable negligence causing great bodily harm. (Ex. 1, pp. 8-11.)[1]  A jury trial was held

from July 11 through July 13, 2005. (Id. at 26-27.)  The jury found Petitioner guilty of

second degree felony murder and aggravated child abuse. (Id. at 50.)  On August 19,

2005, Petitioner was sentenced to thirty years in prison followed by ten years of

probation. (Id. at 61–71.)

Petitioner appealed to the Florida Second District Court of Appeal. (Id. at 74.)

Petitioner's initial brief raised six issues unrelated to the instant federal petition. (Ex. 3.)

The appellate court issued a *per curiam* affirmance on August 27, 2006. (Ex. 5.)  The

mandate issued on October 17, 2006. (Ex. 6.)

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850, Florida

Rules of Criminal Procedure, on April 25, 2007. (Ex. 7, pp. 11–22.)  The motion was

dismissed on August 8, 2008. (Id. at 23– 37.)  On September 8, 2007, Petitioner filed an

amended motion for post-conviction relief, raising the following grounds:

> 1. Petitioner was deprived of his right to effective assistance of trial
> counsel when trial counsel failed to convey an alleged plea offer made
> before trial of seven years in prison; and
>
> 2. Petitioner was deprived of his right to effective assistance of trial
> counsel when trial counsel failed to impeach a State's witness with
> inconsistent prior testimony.

((Id. at 3–41.)  On October 8, 2008, the trial court ordered the State to respond to the first

claim because it could not be conclusively refuted from the record, and summarily

---

[1]  The exhibits cited throughout this Order can be found in the appendix record of
Petitioner's state court proceedings at docket entry 7.

rejected the second claim on the merits. (Id. at 43–70.) The State filed its response with a supporting transcript, urging that the Petitioner's remaining rule 3.850 claim be denied. (Id. at 71–87.) The trial court found that the State's response still did not conclusively refute Petitioner's claim and conducted an evidentiary hearing on April 7, 2009. (Id. at 88–89, 132–55.) The trial court ultimately denied the remaining claim in Petitioner's Rule 3.850 motion. (Id. at 159–85.) Petitioner's motion for rehearing was denied on June 10, 2009. (Id. at 196–200.)

Petitioner appealed to the Florida Second District Court of Appeal, raising two grounds for relief:

> 1. Whether the trial court erred in denying Petitioner's motion for post-conviction relief alleging trial counsel was ineffective for failing to convey an alleged plea offer of five years in prison; and

> 2. Whether the trial court erred in denying Petitioner's motion for post-conviction relief alleging trial counsel was ineffective for failing to impeach a State's witness with inconsistent prior testimony.

(Ex. 8.) The appellate court *per curiam* affirmed the order denying relief. (Ex. 11.) The mandate issued on March 28, 2011. (Ex 12.)

## FEDERAL HABEAS CLAIMS

On September 14, 2011, Petitioner timely filed the instant federal petition raising the following two grounds for relief that mirror the claims raised in his state court Rule 3.850 post-conviction motion:

> 1. Petitioner was denied his constitutional right to effective assistance of trial counsel when counsel failed to convey a plea offer from the State; and

2. Petitioner was denied his constitutional right to effective assistance of trial counsel when counsel failed to impeach a witness.

## THE AEDPA STANDARD OF REVIEW

Petitioner's federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997).  Section 104 of the AEDPA amended 28 U.S.C. § 2254 by adding the following provision:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments.  Parker v. Secretary, Dep't of Corr., 331 F.3d 764 (11th Cir. 2003) (citing Robinson v. Moore, 300 F.3d 1320, 1342 (11th Cir. 2002)).

Review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claims.  Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This language requires an examination of

-4-

the state court decision at the time it was made.  It follows that the record is limited to the record in existence at that time, *i.e.*, the record before the state court.  Cullen v. Pinholster, 131 S. Ct. 1388, 1398–1401 (2011).  In addition, section 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court."  Robinson, 300 F.3d at 1342.  The federal court will presume the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  After review, Petitioner's claims fail under the AEDPA standard.

## STANDARD OF REVIEW FOR
## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

A petitioner claiming ineffective assistance of counsel must meet the two-part standard for counsel's performance established by Strickland v. Washington, 466 U.S. 668 (1984).  To establish a *prima facie* claim of ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  Id. at 687.  Deficient performance is performance which is objectively unreasonable under prevailing professional norms.  Id. at 688. Sound tactical decisions within a range of reasonable professional competence are not vulnerable to collateral attack.  See, e.g., Weber v. Israel, 730 F.2d 499, 508 (7th Cir.) (finding that choosing a defense is a matter of trial strategy), cert. denied, 469 U.S. 850 (1984); United States v. Guerra, 628 F.2d 410, 413 (5th Cir. 1980), cert. denied, 450 U.S. 934 (1981).  Prejudice results when there is "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."
Strickland, 466 U.S. at 694. The cases in which habeas petitioners can properly prevail
on the ground of ineffective assistance of counsel are few and far between. Waters v.
Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting Rogers v. Zant, 13 F.3d
384, 386 (11th Cir. 1994)). Petitioner cannot satisfy the two-prong test of Strickland.

## DISCUSSION

Petitioner asserts that his trial counsel rendered ineffective assistance by failing to
convey a plea offer made by the State prior to his trial. Specifically, Petitioner claims that
counsel failed to convey a plea offer of seven years in prison in exchange for a guilty
plea. Petitioner contends that had he been fully informed of this offer, he would have
accepted it and pled guilty. The trial court conducted an evidentiary hearing on this issue.
Petitioner's defense counsel testified that only one offer was extended by the State to
Petitioner, which was twenty years in prison. (Ex. 7, p. 159.) Counsel further testified
that the State's offer was extended to Petitioner on July 8, 2005, noted on the front of
Petitioner's file, and indicated on the case activity record sheet. (Id.)

Petitioner testified that he did not know exactly when the alleged seven year offer
was extended, but that it was in 2005 while he was in a holding cell. (Id. at 160.)
Petitioner conceded at the evidentiary hearing that trial counsel did convey the twenty
year plea offer to him. (Id.)

-6-

After reviewing Petitioner's Motion, the evidentiary hearing transcript, the court file, and the record, the state trial court found defense counsel's testimony credible and that the only plea offer which was extended by the State was twenty years. (Id.) The trial court found that Petitioner failed to demonstrate how counsel's performance was deficient.

Section 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." Robinson, 300 F.3d at 1342. The state court's factual findings are presumed to be correct under the AEDPA, and Petitioner has not rebutted that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). This Court finds no basis under the deferential AEDPA standard of review for disturbing the trial court's findings and conclusion. Petitioner has not demonstrated deficient performance on the part of his attorney, or prejudice resulting from the claimed deficient performance un der the Strickland standard.

Petitioner's next asserts that his attorney provided ineffective assistance by failing to impeach the inconsistent trial testimony of co-defendant Nysheerah Paris. The trial court denied this claim, finding that defense counsel "did attempt to impeach [Mrs. Paris] repeatedly as to her seemingly inconsistent statements as to how the victim "touched" the wall at the hands of the [Petitioner]. (Id. at 45.) Trial counsel even read back part of the witness's testimony from a prior hearing in an attempt to impeach the witness. (Id.)

There is no basis under AEDPA for disturbing the trial court's findings and denial of this claim for relief.  Indeed, the record supports the correctness of those findings and conclusions. Since trial counsel did in fact attempt to impeach the co-defendant's testimony, he cannot be deemed ineffective.

**ACCORDINGLY**, the Petition for Writ of Habeas Corpus is **DENIED**.  The Clerk is directed to enter judgment in favor of Respondent, terminate any pending motions, and close this case.

Additionally, the Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  Nor will Petitioner be permitted to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).  Instead, he will be required to pay the full amount of the appellate filing fee pursuant to 28 U.S.C. §§ 1915(b)(1) and (2).

**DONE AND ORDERED** at Tampa, Florida, on April 16th, 2014.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
*Pro se* Petitioner
Counsel of Record

-8-